IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SHIVERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0429-WS-M |
| | ) |
| **ALABAMA RIVER CELLULOSE GP,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss and Award Defendant Its Costs (doc. 23), in which defendant requests dismissal of the Complaint and/or monetary sanctions against plaintiff for his non-attendance at a court-ordered hearing. The Motion has been briefed and is ripe for disposition.

Plaintiff, Christopher Shivers, proceeding without the assistance of a lawyer, filed a Complaint (doc. 1) against his former employer, Alabama River Cellulose GP, on August 24, 2015. The seven-page Complaint alleges that Alabama River discriminated against Shivers on the basis of his race (African-American), in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981, by treating him unfairly and terminating his employment. The case proceeded normally until March 23, 2016, when Alabama River filed a Motion to File Joint Planning Report (doc. 12), wherein it explained that Shivers had been uncooperative and/or unresponsive to defense counsel's efforts to finalize the required Rule 26(f) Report. Concerned about Shivers' apparently dilatory conduct, Magistrate Judge Milling entered an Order (doc. 15) on March 23, 2016, scheduling the case for a Rule 16(b) conference to be held eight days later, at 11:00 a.m. on March 31, 2016. The March 23 Order cautioned Shivers that "his failure to appear for this hearing could result in the dismissal of his case for failure to prosecute this action and/or for failure to obey this Court's orders." (*Id.*) The Clerk's Office mailed a copy of the March 23 Order to Shivers at his address of record in Montgomery, Alabama. Moreover, during a

telephone conference on March 24, 2016, defendant's counsel notified Shivers that the case had been set for an in-person hearing on the morning of March 31.

What happened next was both unfortunate and entirely preventable. On the afternoon of March 30, less than 24 hours before the hearing, Magistrate Judge Milling's office received a letter from Shivers (sent via U.S. Priority Mail) requesting a continuance of the hearing "due to my financial hardship." (Doc. 20.) Defendant's Atlanta-based counsel was unaware that Shivers was requesting a continuance (because he neither did them the courtesy of so apprising them nor served them with a copy of his motion) until the letter motion was docketed at 3:51 p.m., by which time a defense attorney had already boarded her flight to Mobile to attend the hearing. Judge Milling endorsed the motion "DENIED" on the morning of March 31, adding explanatory notes that his staff had notified Shivers telephonically at 8:05 a.m. that he was expected to attend the 11:00 a.m. hearing, but that Shivers said he would not be there. (*See* doc. 21.) The upshot was that Judge Milling attempted to conduct the hearing as scheduled; however, because of Shivers' unexcused absence, the hearing could not go forward, resulting in a needless waste of time and resources for court personnel and defendant alike.

Alabama River followed up by filing a Motion to Dismiss on April 1, 2016. In the Motion, Alabama River argued that the Complaint should be dismissed for failure to prosecute, citing Shivers' lack of cooperativeness as to the Rule 26(f) report and his failure to attend the scheduling conference. Additionally, in an incorporated Motion to Award Defendant Its Costs, Alabama River requested an award of reasonable costs and fees in the amount of $1,101.70, consisting of $729.70 to reimburse defendant for the cost of the flight to Mobile, plus $372 (1.2 hours x $310/hr) for the attorney time preparing for the March 31 hearing. (Pitts Decl. (doc. 23-1), ¶¶ 3-5.) On April 1, 2016, the Court entered an Order (doc. 24) directing Shivers to file a response to the Motion to Dismiss and to Award Costs on or before April 18, 2016. Shivers complied. In his Response (doc. 26) filed on April 13, 2016, Shivers expressed "deep regrets" for missing deadlines and failing to appear for the March 31 hearing. He apologized to the Court and to defense counsel multiple times, and accepted responsibility for having caused defense counsel to travel to Mobile "due to my lack of communication in a timely manner." (Doc. 26, at 1.) He explained that he is in dire financial straits and that he is presently in bankruptcy, working multiple jobs and attending school, as he is "emotionally stressed" and "trying to survive." (*Id.*)

From the tone and contents of his Response, it appears that Shivers appreciates the gravity of his errors and that he is genuinely remorseful for the waste of time and resources that his dilatoriness caused for both the defendant and court personnel.  The Court further recognizes, of course, that as a general matter, federal courts afford lenient treatment to *pro se* litigants.  *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  But *pro se* litigants are still required to comply with court orders and procedural rules.  *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted).[1]  Through his course of conduct as documented in the court file, Shivers has done neither.  Indeed, he failed to comply with a court order that he appear for the March 31 hearing and disregarded the procedural rule requiring his timely cooperation in completing the Rule 26(f) report.[2]  No matter how sincerely Shivers regrets those transgressions today, he must bear the consequences of these omissions.

The question thus becomes what sanction is appropriate.  The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders."  *Equity Lifestyle*

---

[1] *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); *Blanco GmbH Co. KG v. Vlanco Industries, LLC*, 2016 WL 424656, *1 (11th Cir. Feb. 4, 2016) ("Although he is entitled to some leeway as a *pro se* litigant, Laera is not exempt from the requirements of procedural rules."); *Smith v. Miami-Dade County*, 621 Fed.Appx. 955, 962 (11th Cir. June 12, 2015) ("Although we construe *pro se* pleadings liberally, *pro se* litigants still must comply with procedural rules."); *Johnson v. Champions*, 990 F. Supp.2d 1226, 1236 n.16 (S.D. Ala. 2014) ("Nonetheless, even *pro se* litigants must comply with procedural rules and court orders."); General L.R. 83.5(a) ("All persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order.").

[2] There are other, lesser defects in Shivers' filings too.  For example, his Response to Motion to Dismiss is not signed, does not set forth his address and telephone number, and is not double-spaced.  *See* General L.R. 5(a)(1) (reciting formatting requirements for papers presented for filing); General L.R. 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number.").

*Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009). Where such violations occur, federal courts are vested with discretion in fixing an appropriate sanction pursuant to their inherent powers. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("[a] court may impose sanctions for litigation misconduct under its inherent power"); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions.").

Alabama River requests that the sanction of dismissal be imposed based on Shivers' lack of diligence in preparing the Rule 26(f) report and his failure to appear for the scheduling conference. Under the circumstances presented here, however, the sanction of dismissal would be excessively harsh. After all, "there is a strong policy of determining cases on their merits." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Dismissing or defaulting a party "is too harsh except in extreme circumstances," and in all other cases courts "must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citations omitted). Indeed, the Eleventh Circuit has made clear that a "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) (citation and internal quotation marks omitted). On this record, the Court cannot conclude that lesser sanctions would be inadequate to ensure that Shivers will comply with court orders and applicable rules henceforth. Accordingly, the Motion to Dismiss Plaintiff's Complaint (doc. 23) is **denied**.

That said, the Court agrees with Alabama River that a less severe monetary sanction is appropriate. Shivers' disobedience of the March 23 Order and failure to communicate with the opposing party and Magistrate Judge Milling in a timely manner had direct adverse repercussions for defendant, who paid more than $1,000 to prepare and fly a lawyer from Atlanta, Georgia to Mobile, Alabama for a hearing that never happened. On the other hand, the Court also considers Judge Milling's determination on December 9, 2015, that Shivers is indigent (*see* doc. 3), and Shivers' representations that he is cash-strapped, "barely paying" the debts he has now, "in bankruptcy," and "trying to survive." (Doc. 26, at 1.) Balancing these

competing factors, the Court concludes that an appropriate, fair, just sanction is for Shivers to pay a portion of Alabama Rivers' attorney's fees incurred in preparing for the March 31 hearing that was scuttled because of his failure to attend. Accordingly, the Motion to Award Defendant Its Costs (doc. 23) is **granted in part**, and **denied in part**. Shivers is **ordered** to pay the sum of **$350.00** via cash, check, credit card, or money order to the Clerk of Court, United States District Court, Southern District of Alabama, 113 St. Joseph Street, Mobile, Alabama 36602, on or before **May 31, 2016**. Checks must be made payable to "Clerk, U.S. District Court." If Shivers complies with this requirement, then this matter will be referred to Magistrate Judge Milling for entry of a Rule 16(b) Scheduling Order. If he does not, then the Complaint will be dismissed without prejudice.

In his Response, Shivers states that the case is very important to him, professes his desire that the courts "hear [his] cry," says he cannot afford legal representation or travel from Montgomery, and indicates that he is "not familiar with how the legal terms work for responding." (Doc. 26, at 1.) If Shivers elects to pursue his case against Alabama River and if he does so without a lawyer, then there are three difficult truths that he must understand. First, litigation is inconvenient. It is a largely inflexible procedure- and deadline-driven process which cannot function unless the parties do what they are supposed to do when they are supposed to do it. Second, litigation is expensive. Shivers filed this lawsuit in the Southern District of Alabama, which is located in Mobile, not Montgomery. Hearings, conferences, trial and other court proceedings will happen in Mobile, not Montgomery. If Shivers is financially unable to travel here for court appearances when ordered to do so, then he will have an extraordinarily difficult time prosecuting his case. Third, litigation is complicated. As noted above, even though Shivers does not have a lawyer, he still must comply with court orders and procedural rules. Neither this Court nor court staff can give him legal advice or act as his *de facto* legal counsel in helping him to prosecute his claims against Alabama River. *See generally GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Rather, it remains Shivers' responsibility – whether or not he has a lawyer – to identify and comply with the rules, and to litigate his claims.

The Court makes these observations not to intimidate Shivers or to dissuade him from proceeding, but to make certain that the Court's expectations are clear as this case moves forward. The situation giving rise to defendant's Motion to Dismiss is entirely of Shivers' own

creation. It will not be acceptable for Shivers to miss further deadlines or not comply with further court orders, based on the kinds of excuses presented in his Response. If he wants to pursue the benefits of litigation in federal court, then he must also bear its burdens.

DONE and ORDERED this 28th day of April, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE
